UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ASSOCIATE JUSTICE JEFFERSON D. HUGHES III, | * * * | CIVIL ACTION NO. 2:15-cv-07165 |
| Plaintiff, | * * | JUDGE MARY ANN VIAL LEMMON |
| VERSUS | * * | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |
| CHIEF JUSTICE BERNETTE J. JOHNSON, ASSOCIATE JUSTICE GREGG G. GUIDRY, ASSOCIATE JUSTICE MARCUS R. CLARK, AND ASSOCIATE JUSTICE JOHN L. WEIMER, | * * * * * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE

FRCP Rule 24 governs motions for leave to intervene. It provides in pertinent part:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: . . .
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention.
(1) In General. On timely motion, the court may permit anyone to intervene who: . . . . (B) has a claim or defense that shares with the main action a common question of law or fact. . . .

The present motion for leave to intervene satisfies the requirements of both paragraphs (a) and (b) of Rule 24.

The proposed intervention involves the recusal of two justices of the Louisiana Supreme Court ("LASC") in two "legacy" cases referred to in the proposed invervention complaint as the *Walton* case and the *Bundrick* case.[1] Associate Justice Hughes, who is the only plaintiff in the main demand, was recused based on allegations by the defendants in the *Walton* and *Bundrick* cases that he could not render fair and impartial decisions in these cases because of certain independent expenditures made in support of his election to the LASC in 2012 by a PAC known as "Citizens for Clean Water and Land" ("CCWL PAC"). In his complaint, Associate Justice Hughes alleges claims under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the Constitution of the United States. He seeks declaratory and injunctive relief that would, in effect, overturn the recusal orders targeting his participation in the *Bundrick* and *Walton* cases, and also prohibit future recusals on the same or similar grounds.

The intervenors in the proposed intervention complaint are the plaintiffs in the *Walton* and *Bundrick* cases, and the CCWL PAC. They seek the same relief under 42 U.S.C. § 1983 sought by Justice Hughes based on the same legal grounds alleged by Justice Hughes. Intervenors allege in their complaint that Justice Hughes was recused solely because the CCWL PAC exercised its constitutional free speech rights in making independent expenditures in support of Justice Hughes'

---

[1] *Robert Walton, et al. v. Exxon Mobil Corporation*, La. S. Ct. Docket No. 2015-C-569; *Vincent Charles Bundrick, et al. v. Anadarko Petroleum Corp., et al.*, La. S. Ct. Docket No. 2015-C-557. In *Marin v. Exxon Mobil Corp.*, 2009-2368 (La. 10/19/10), 48 So. 3d 234 at footnote 1, the Louisiana Supreme Court defined "legacy litigation" as follows: "'Legacy litigation' refers to hundreds of cases filed by landowners seeking damages from oil and gas exploration companies for alleged environmental damage in the wake of this Court's decision in *Corbello v. Iowa Production*, 02–0826 (La.2/25/03), 850 So.2d 686. These types of actions are known as 'legacy litigation' because they often arise from operations conducted many decades ago, leaving an unwanted 'legacy' in the form of actual or alleged contamination. Loulan Pitre, Jr., *'Legacy Litigation' and Act 312 of 2006*, 20 Tul. Envt. L.J. 347, 34 (Summer 2007)."

election to the LASC. Intervenors further allege that the United States Supreme Court decisions in *Caperton* and *Citizens United* prohibit the recusal of Justice Hughes on these grounds.[2]

Intervenors also challenge the recusals of Justice Knoll in the *Walton* and *Bundrick* cases. Justice Knoll's husband, Eddie Knoll, was handling four legacy cases when the *Walton* and *Bundrick* writ denials were handed down by the LASC. He has absolutely no interest in either the *Walton* case or the *Bundrick* case. The only basis alleged for Justice Knoll's recusal is the potential that the LASC's interpretation of the applicable law in the *Walton* and *Bundrick* cases may indirectly impact the legacy cases being handled by her husband, Eddie Knoll. Intervenors allege that their due process rights were violated as a result of the decisions by the LASC to recuse Justice Knoll. Intervenors seek declaratory and injunctive relief under 42 U.S.C. § 1983 that would, in effect, overturn the recusal orders targeting Justice Knoll's participation in *Bundrick* and *Walton*, and also prohibit future recusals on the same or similar grounds.

This intervention is an intervention of right under FRCP Rule 24(a). Intervenors' free speech and due process rights are directly impacted by the recusal of Justice Hughes (the "transaction") that is the subject of the Justice Hughes' complaint. An adverse disposition of Justice Hughes' § 1983 claims will "as a practical matter impair or impede" intervenors' ability to protect their own § 1983 claims. Further, under FRCP Rule 24(b), the intervenors' claims share common questions of law and fact with the main action. With regard to the intervenors' claims arising from the recusal of Justice Hughes, the claims of intervenors are based entirely on the facts alleged in the main demand, *i.e.*, the recusal of Justice Hughes in the *Bundrick* and *Walton* cases. Further, both Justice Hughes and

---

[2]*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); *Citizens United v. Federal Election Com'n*, 558 U.S. 310 (2009).

intervenors seek relief based on the same statute—42 U.S.C. § 1983. Thus, the requirements of FRCP Rule 24(b) are met as to intervenors' claims related to the recusal of Justice Hughes.

Further, the allegations of the complaint in intervention regarding the recusal of Justice Knoll also satisfy the requirements for an intervention of right and permissive intervention under Rule 24. The same general procedures were employed to recuse Justices Hughes and Knoll in the same case. The constitutionality of these procedures is one of the central issues raised the main demand and in the allegations of the intervention complaint relating to Justice Knoll. The orders recusing Justices Knoll and Hughes raise virtually the same due process legal issues. In addition, the facts of the two recusal proceedings are intertwined. It is believed that Justice Hughes participated in Justice Knoll's recusal proceeding, but Justice Knoll was not allowed to participate in Justice Hughes' recusal proceeding.

For the foregoing reasons, this Court should grant movers leave to intervene in this action.

Respectfully submitted:

/s/ Victor L. Marcello (9252)
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Phone: (225) 400-9991
Fax: (225) 448-2568
Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar # 9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Todd J. Wimberley, Bar #34862
Brian T. Carmouche, Bar #30430
Ross J. Donnes, Bar #33098
D. Adele Owen, Bar #21001
Leah C. Poole, Bar #35092
Caroline H. Martin, Bar #33308
vmarcello@tcmlawfirm.net

*Attorneys for Intervenors, Vincent Charles Bundrick, Cajun Pride, Inc., Robert L. Walton, Bonnie Walton, John Keith Lamm, Deborah Broussard Lamm, and Citizens for Clean Water and Land PAC, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ASSOCIATE JUSTICE<br>JEFFERSON D. HUGHES III, | * <br> * <br> * | CIVIL ACTION NO. 2:15-cv-07165 |
| Plaintiff, | * <br> * | JUDGE MARY ANN VIAL LEMMON |
| VERSUS | * <br> * | MAGISTRATE JUDGE <br> DANIEL E. KNOWLES, III |
| CHIEF JUSTICE BERNETTE J. JOHNSON,<br>ASSOCIATE JUSTICE GREGG G. GUIDRY,<br>ASSOCIATE JUSTICE MARCUS R. CLARK,<br>AND ASSOCIATE<br>JUSTICE JOHN L. WEIMER, | * <br> * <br> * <br> * <br> * <br> * | |
| Defendants. | * | |

*********************************************

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of January, 2016, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system. The forgoing has also been served electronically on all known counsel of record.

Kyle Schonekas
Mandie Landry
SCHONEKAS, EVANS,
McGOEY & McEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, LA 70112
kyle@semmlaw.com
landry@semmlaw.com
*Attorneys for Jefferson D. Hughes III*

Kim M. Boyle
PHELPS DUNBAR, LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
*Attorney for Defendants*

/s/ Victor L. Marcello (9252)