UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ASSOCIATE JUSTICE<br>JEFFERSON D. HUGHES III,<br><br>Plaintiff,<br><br>VERSUS<br><br>CHIEF JUSTICE BERNETTE J. JOHNSON,<br>ASSOCIATE JUSTICE GREGG G. GUIDRY,<br>ASSOCIATE JUSTICE MARCUS R. CLARK,<br>AND ASSOCIATE<br>JUSTICE JOHN L. WEIMER,<br><br>Defendants. | CIVIL ACTION NO. 2:15-cv-07165<br><br>JUDGE MARY ANN VIAL LEMMON<br><br>MAGISTRATE JUDGE<br>DANIEL E. KNOWLES, III |

**************************************

### REPLY TO RESPONSE TO PROPOSED INTERVENORS' MOTION FOR LEAVE TO INTERVENE

I. INTRODUCTION

The sole issue before the Court is whether Proposed Intervenors' motion for leave to intervene should be granted under Rule 24. Defendants' Response Memorandum glosses over the requirements of Rule 24 and instead focuses primarily on legal arguments that address the viability and plausibility of the intervenors' claims, which are issues that should be raised in either a Rule 12(b) motion or a motion for summary judgment. Issues such as standing, whether the complaint states a claim for which relief may be granted, mootness, the application of the *Rooker-Feldman* doctrine, and the scope of judicial immunity are not germane to the instant motion to intervene.[1] To

---

[1] At least one federal court has recognized that "concerns about the plausibility of the intervenor complaint" present issues that "are best resolved with a Rule 12(b)(6) motion to dismiss, not at the motion-to--intervene stage." *Boyd v. Koch Foods of Alabama, LLC*, 2012 WL 72708 (M.D. Ala 1/10/2012), n. 2. Defendants' arguments place considerable emphasis on their view that Proposed Intervenor's complaint cannot survive a Rule 12(b) motion to dismiss: "In the context of 1983 claims, it is well-established that the claimant must plead specific facts, not mere conclusory allegations, to survive a motion to dismiss."

the extent the issues raised by the Defendants' Response Memorandum are irrelevant to the determination of whether Proposed Intervenors should be allowed to intervene, this court should defer its determination of such issues to a later date.

## II. PROPOSED INTERVENORS SHOULD BE ALLOWED TO INTERVENE UNDER RULE 24(a)(2)

### (A) INTEREST RELATING TO THE PROPERTY OR TRANSACTION

Proposed Intervenors are the plaintiffs in the *Walton* and *Bundrick* cases ("*Walton/Bundrick* plaintiffs") and the CCWL PAC. The CCWL PAC received various contributions from lawyers who handle legacy cases. Only the lawyer-contributors of Talbot, Carmouche, Marcello were involved in the *Walton* and *Bundrick* cases. The other legacy lawyers who contributed to the CCWL PAC had no interest in the *Walton* or *Bundrick* cases. Only a portion of the contributions to the CCWL PAC were applied to independent expenditures in support of the candidacy of Justice Hughes.

Defendants make the conclusory argument that the *Walton/Bundrick* plaintiffs do not have the required "interest" under Rule 24(a)(2) because the claims at issue in *Walton* and *Bundrick* are moot due to the writ denials by the Louisiana Supreme Court (LASC) on the subsequent purchaser issue. In fact, both the *Bundrick* and *Walton* cases are still active, pending lawsuits that present a plethora of potential issues that may one day end up before the Louisiana Supreme Court, including

---

Response Memorandum, p.12. The issue of whether or not the Proposed Intervenors have pleaded 1983 claims sufficient to survive a motion to dismiss should be resolved only after Defendants have filed an appropriate 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, and the Proposed Intervenors are allowed sufficient time to respond. Likewise, defenses premised on the *Rooker-Feldman* doctrine and judicial immunity are appropriately addressed in a Rule 12(b) motion. With respect to standing, some courts do not require intervention applicants to have standing so long as the requirements of Rule 24 are satisfied. The Fifth Circuit is among these courts: "Article III does not require intervenors to independently possess standing where the intervention is into a subsisting and continuing Article III case or controversy and the ultimate relief sought by the intervenors is also being sought by at least one subsisting party with standing to do so." *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 11/20/1998); see also in this court *Weiss v. Allstate Insurance Co.*, 2007 WL 2377116 (E.D. La. 8/16/2007).

issues that implicate the subsequent purchaser rule, thus rendering the recusal issues anything but moot. In *Walton*, the Louisiana Second Circuit held that the plaintiffs have a right of action under La. R.S. 30:29 to obtain remediation of their property to a level that meets state regulatory standards, even if the remediation involves pre-purchase damage.[2] In further state district court proceedings, the Walton defendants will contest this finding by the Louisiana Second Circuit. In *Bundrick*, the plaintiffs amended their petition after the rendition by the district court of the judgment that was the subject of their writ application to the Louisiana Supreme Court.[3] This amended petition asserts pre-purchase remediation claims that were assigned to plaintiffs by the prior owners of the Bundrick property. The issue of whether a subsequent purchaser can assert the pre-purchase damage claims of prior owners assigned in a post-suit assignment has not yet been addressed by the LASC, although the Louisiana Second Circuit has affirmed the viability of such assignments.[4] Furthermore, even the *Walton/Bundrick* plaintiffs' rights that were adjudicated in the LASC writ proceedings at issue here remain in play, as the allegedly final judgments that were the subject of these writ denials could potentially be nullified by a state court under Article 2004 of the La. Code of Civil Procedure, or could be denied *res judicata* effect under La. R.S. 13:4232(A)(1) in the still pending Louisiana district court actions if it is determined that the LASC's recusals of Justices Hughes and Knoll resulted from a violation of the Proposed Intervenors' civil rights, including their rights to free speech and due process.

---

[2] *Walton v. Exxon Mobil Corp.*, 162 So.3d 490 (La.App. 2 Cir. 2015).

[3] *Bundrick v. Anadarko Petroleum Corp.*, 159 So.3d 1137 (La.App. 3 Cir. 2015); *Bundrick v. Anadarko Petroleum*, No. 70353, 16th JDC, Parish of St. Martin, State of Louisiana.

[4] *Wagoner v. Chevron USA, Inc.*, 121 So.3d 727, 729, 48,119 (La.App. 2 Cir. 2013).

CCWL PAC also has an interest relating to the transactions which are the subject of the main demand. When the outcome of a particular action directly affects a proposed intervenor's ability to exercise a basic civil right, he or she has a right to intervene.[5]  The CCWL PAC's right to the exercise of free speech will be directly affected by the outcome of Justice Hughes' action.  This court's resolution of the civil rights claims related to the recusal of Justice Hughes will have a direct effect on the CCWL PAC's ability to exercise its right to free speech in future judicial elections, especially Supreme Court elections, one of which is scheduled for the present year.

The LASC provided no written reasons for its recusals of Justices Hughes or Knoll. The *Walton* and *Bundrick* defense motions to recuse Justice Hughes were both based entirely on: (1) the *contributions* to the CCWL PAC by the Talbot, Carmouche and Marcello firm and by "other members of the distinct group of trial attorneys that represent plaintiffs in legacy litigation in Louisiana,"[6] and (2) the independent *expenditures* by the CCWL PAC in support of Justice Hughes. As noted by this Court in *Fund For Louisiana's Future v. Louisiana Bd. of Ethics*, the Supreme Court in *Citizens United* held that "restricting independent *expenditures* merely because of the corporate identity of the speaker was incompatible with the First Amendment,"[7] and thereafter "seven U.S. Courts of Appeals, including the Fifth Circuit, and a number of U.S. District Courts have taken *Citizens United* one step further in the face of challenges to the constitutional legitimacy of limits *on contributions to independent expenditure-only organizations*; those courts have

---

[5]*League of United Latin American Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421 (5th Cir. 2011); *Edwards v. City of Houston,* 78 F.3d 983, 1004 (5th Cir. 1996).

[6]Quoting motion to recuse in *Walton*, p. 3.

[7]*Fund For Louisiana's Future v. Louisiana Bd. of Ethics*, 17 F.Supp.3d 562, 571 (E.D.La.,2014)

universally agreed that such limits do not withstand First Amendment scrutiny."[8] The practical effect of the recusal of Justice Hughes is to place an ill-defined, but real (and in this case, retroactive) limit on the *contributions* that the CCWL PAC may receive from attorneys for the purpose of making independent *expenditures* in judicial elections in general, and Supreme Court elections in particular.

Based on the forgoing analysis, the "interests" of the *Walton/Bundrick* plaintiffs and the CCWL PAC are "direct, substantial, and legally protectable." No specific definition of the term "interest" can be found in either Rule 24(a)(2) or the jurisprudence, but clearly the determination *vel non* of whether a would-be intervenor has an "interest" always involves a fact specific inquiry, and a narrow reading of the term "interest" is disfavored.[9] Contrary to defendants' suggestion, Proposed Intervenors are not required to satisfy a "stringent legal standard"[10] in their proof of "interest." Courts follow a "somewhat liberal line in allowing intervention. [] The factors of Rule 24(a)(2) are intended to 'capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation,' and '[t]hose factors are not rigid, technical requirements.'"[11]

---

[8]*Id.* at 571 (emphasis supplied)(extensive citations omitted)

[9]*Utahns for Better Transp. v. U.S. Dept. of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002)("The sufficiency of an applicant's interest is a highly fact-specific determination."); *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Department of Interior,* 100 F.3d 837, 841 (10th Cir.1996)("Whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination," quoting *Security Ins. Co. v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir.1995)); *Daggett v. Commission on Governmental Ethics and Election Practices*, 172 F.3d 104, 110 (1st Cir.1999)("[T]he case law has effectively rejected the narrow reading, although clear outer boundaries have yet to be developed.").

[10]Quoting Response Memorandum at page 9.

[11]*WildEarth Guardians v. National Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010).

### (B) DISPOSITION OF ACTION MAY IMPAIR OR IMPEDE ABILITY TO PROTECT INTEREST

Defendants make no argument concerning whether the disposition of the main demand may impair or impede the Proposed Intervenors' ability to protect their interests. Presumably, the absence of such an argument is based on the notion that any such argument might be interpreted as an implicit admission that Proposed Intervenors have an existing interest that requires protection. In any event, as noted previously, the Hughes recusal, as detailed in his complaint, was based entirely on the contributions to, and expenditures of, the CCWL PAC. Justice Hughes' complaint seeks to nullify this recusal. Justice Hughes complains that his free speech rights were violated, and that the orders recusing him from participation in *Walton* and *Bundrick* prevent him from communicating his electoral message to persons who contributed to the CCWL PAC, and unconstitutionally limit the contributions that can be made to a PAC for purposes of making independent expenditures in support of a judicial candidate. Thus, clearly any decision by this court that would uphold the recusals of Justice Hughes in *Walton* and *Bundrick* would directly "impair or impede" the Proposed Intervenors' ability to protect their interests.

### (C) ADEQUACY OF REPRESENTATION

Defendants suggest that Proposed Intervenors are adequately represented by Justice Hughes because: (1) Proposed Intervenors and Justice Hughes seek similar relief, and (2) Proposed Intervenors incorporate many of the allegations of Justice Hughes' complaint. Such a suggestion entirely misses the point, as the free speech rights of a judicial candidate and the free speech rights of voters are not fungible. The jurisprudence unequivocally supports the view that the burden of proof regarding the adequate representation requirement of Rule 24(a)(2) is minimal in that all

Proposed Intervenors need show is that the representation of their interests "may be" inadequate.[12]

Furthermore, as defendants acknowledge, Proposed Intervenors have raised issues with respect to the recusal of Justice Knoll that have not been raised by Justice Hughes. Such issues are intricately intertwined with the main action, but must also be addressed here, because one important issue in this action is whether it was constitutionally proper for Justice Knoll to be recused from the recusal motion targeting Justice Hughes, and *vice versa*. The recusal issues are one step removed from the merits issues of the *Walton* and *Bundrick* writ applications.

### III. PERMISSIVE INTERVENTION

Defendants correctly note that permissive intervention is appropriate where an applicant's claim or defense and the main action have a question of law or fact in common.[13] Defendants concede that "it can hardly be disputed that Justice Hughes' and the Proposed Intervenors' interests are completely aligned."[14] In *The Home Insurance Co. v. Hughes*,[15] and *Boyd v. Koch Foods of Alabama, LLC*,[16] permissive interventions were allowed after the parties conceded that the intervenors' claims had questions of fact and law in common with the main action.

### IV. CONCLUSION

The motion for leave to intervene should be granted.

---

[12] *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *WildEarth Guardians v. National Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010). *Weiss v. Allstate Insurance Co.*, 2007 WL 2377116 (E.D. La. 8/16/2007).

[13] Defendants' Response Memorandum, p. 10.

[14] *Id.* at p. 19.

[15] 1996 WL 109292 (E.D. La. 3/11/1996), *2.

[16] 2012 WL 72708 (M.D. Ala 1/10/2012), n. 2.

Respectfully submitted:

*/s/ Victor L. Marcello (9252)*
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Phone: (225) 400-9991
Fax: (225) 448-2568
Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar # 9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Todd J. Wimberley, Bar #34862
Brian T. Carmouche, Bar #30430
Ross J. Donnes, Bar #33098
D. Adele Owen, Bar #21001
Leah C. Poole, Bar #35092
Caroline H. Martin, Bar #33308
vmarcello@tcmlawfirm.net

*Attorneys for Intervenors, Vincent Charles Bundrick, Cajun Pride, Inc., Robert L. Walton, Bonnie Walton, John Keith Lamm, Deborah Broussard Lamm, and Citizens for Clean Water and Land PAC, LLC*

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ASSOCIATE JUSTICE** <br> **JEFFERSON D. HUGHES III,** | * <br> * <br> * | **CIVIL ACTION NO. 2:15-cv-07165** |
| Plaintiff, | * <br> * | **JUDGE MARY ANN VIAL LEMMON** |
| **VERSUS** | * <br> * | **MAGISTRATE JUDGE** <br> **DANIEL E. KNOWLES, III** |
| **CHIEF JUSTICE BERNETTE J. JOHNSON,** <br> **ASSOCIATE JUSTICE GREGG G. GUIDRY,** <br> **ASSOCIATE JUSTICE MARCUS R. CLARK,** <br> **AND ASSOCIATE** <br> **JUSTICE JOHN L. WEIMER,** | * <br> * <br> * <br> * <br> * <br> * | |
| Defendants. | * | |

**********************************************

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of March, 2016, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system. The forgoing has also been served electronically on all known counsel of record.

Kyle Schonekas
Mandie Landry
SCHONEKAS, EVANS,
McGOEY & McEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, LA 70112
kyle@semmlaw.com
landry@semmlaw.com
*Attorneys for Jefferson D. Hughes III*

Kim M. Boyle
PHELPS DUNBAR, LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
*Attorney for Defendants*

/s/ *Victor L. Marcello (9252)*