UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEFFERSON D. HUGHES, III                               CIVIL ACTION
ASSOCIATE JUSTICE OF THE
LOUISIANA SUPREME COURT

VERSUS                                                 NO. 15-7165

BERNETTE J. JOHNSON, CHIEF                             SECTION "R" (2)
JUSTICE OF THE LOUISIANA
SUPREME COURT, ET AL.


## ORDER AND REASONS

Plaintiff Justice Jefferson D. Hughes of the Louisiana Supreme Court moves to alter or amend[1] this Court's order[2] dismissing his claims against Chief Justice of the Louisiana Supreme Court Bernette J. Johnson and Associate Justices Greg G. Guidry, Marcus R. Clark, and John L. Weimer (collectively, Defendant Justices) on grounds of Eleventh Amendment immunity.  Intervening plaintiffs—Clean Water and Land PAC, LLC, Vincent Charles Bundrick, and Cajun Pride, Inc.—move to alter or amend the same order and the related judgment.[3]  Justice Hughes and intervenors also move

---

[1]     R. Doc. 41.
[2]     R. Doc. 38.
[3]     R. Doc. 40. Robert Walton, Bonnie Walton, John Keith Lamm, and Deborah Broussard Lamm, formerly intervening plaintiffs, have settled their underlying state court claims and therefore do not join the motion.  *Id.*

for leave to amend their respective complaints.[4]  For the following reasons,

plaintiffs' motions are denied.


##    I.    BACKGROUND

Justice Hughes' complaint centers around two cases that the Louisiana

Supreme Court declined to hear—*Robert L. Walton, et al. v. Exxon Mobil*

*Corp., et al.,* No. 2015-C-0569 (La.), and *Vincent Charles Bundrick, et al., v.*

*Anadarko Petroleum Corp., et al.*, No. 2015-C-0569 (La.).  In both cases,

Justice Hughes was recused from ruling on plaintiffs' applications for writs

of *certiorari* by order of his fellow Justices, pursuant to La. Code Civ. Proc.

art. 159.[5]  Justice Hughes alleges that, in voting to recuse him from *Walton*

and *Bundrick*, the four Defendant Justices violated Justice Hughes' rights

---

[4]    R. Doc. 40; R. Doc. 42.

[5]    Article 159 provides:

> When a written motion is filed to recuse a justice of the supreme court, he may recuse himself or the motion shall be heard by the other justices of the court.

> When a justice of the supreme court recuses himself, or is recused, the court may (1) have the cause argued before and disposed of by the other justices, or (2) appoint a judge of a district court or a court of appeal having the qualifications of a justice of the supreme court to act for the recused justice in the hearing and disposition of the cause.

under the First and Fourteenth Amendments to the U.S. Constitution. Justice Hughes sues Defendant Justices in their official capacities.[6]

Intervenors are Citizens for Clean Water and Land PAC, LLC and the two plaintiffs in *Bundrick*: Vincent Charles Bundrick and Cajun Pride, Inc.[7] Clean Water, a political action committee, spent $487,000 supporting Justice Hughes' election to the Louisiana Supreme Court.[8]  Intervenors' allegations substantially mirror Justice Hughes'.

On October 20, 2016, this Court issued an Order and Reasons dismissing plaintiffs' claims on grounds of Eleventh Amendment immunity.[9] In its order, the Court found that plaintiffs had failed to plausibly allege an ongoing violation of federal law and that the exception to sovereign immunity articulated in *Ex parte Young*, 209 U.S. 123 (1908), was therefore inapplicable.[10]  Plaintiffs now move to alter or amend the dismissal order, and assert that the Court misapplied the ongoing violation requirement.  To support their assertion that the alleged violation of federal lawn remains ongoing, plaintiffs rely heavily on motions to recuse Justice Hughes filed in two cases before the Louisiana Supreme Court: *Agri-South Group, LLC, et*

---

[6]    R. Doc. 1 at 1.
[7]    R. Doc. 28; R. Doc 40.
[8]    R. Doc. 1 at 10.
[9]    R. Doc. 38.
[10]    *Id.*

3

*al. v. Exxon Mobil Corporation, et al.*, No. 2016-C-1856 (La.), and *Global Marketing Solutions v. Blue Mills Farms, Inc., et al.*, No. 2016-C-1963 (La.). On January 31, 2017 the Louisiana Supreme Court denied both recusal motions.[11]

## II.   LEGAL STANDARD

A district court has considerable discretion to grant or deny a motion under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).   Reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, 1998 WL 43217, *2 (E.D. La. Mar. 19, 1998); *Bardwell v. George G. Sharp, Inc.*, 1995 WL 517120, *1 (E.D. La. Aug. 30, 1995).   The Court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts."   *Edward H. Bohlin Co.*, 6 F.3d at 355. A moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error

---

[11]     R. Doc. 56 at 3-4.  The Court may take judicial notice of these denials. *See Brown v. Lippard*, 350 Fed. Appx. 879, 883 n.2 (5th Cir. 2009) (taking judicial notice of state courts records); *see also* 11 Wright & Miller, 21B Fed. Prac. & Proc. § 5106.4 (2d ed.) ("Judicial records are a source of 'reasonably indisputable accuracy' when they record some judicial action such as dismissing an action, granting a motion, or finding a fact.").

of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law. *See Fidelity & Deposit Co. of Md. v. Omni Bank*, 1999 WL 970526, *3 (E.D. La. Oct. 21, 1999); *Fields*, 1998 WL 43217 at *2; *see also Compass Tech., Inc. v. Tseng Labs., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995) ("Rule 59 and Rule 60(b)(2) share the same standard for granting relief on the basis of newly discovered evidence.").

## III.   DISCUSSION

Plaintiffs advance three arguments: (1) the Court misapplied the ongoing violation requirement of the *Ex parte Young* exception; (2) new evidence demonstrates that plaintiffs' alleged constitutional injury is ongoing; and (3) even if the Court's denies plaintiffs' motions to amend its order, the Court should grant plaintiffs leave to amend their complaints.  The Court considers each argument in turn.

### A. The Ongoing Violation Requirement Under *Ex Parte Young*

Defendant Justices offered no written reasons for recusing Justice Hughes in *Walton* and *Bundrick*.  Nonetheless, plaintiffs' complaints assert that: (1) these recusals were based on Clean Water's support for Justice

Hughes' election campaign; and (2) that the recusals demonstrated that Defendant Justices have instituted a policy of "preventing [a] judicial candidate from hearing any suit involving persons, or their attorneys, who contribute more than some undetermined amount to a political action committee."[12] In its order dismissing plaintiffs' claims, the Court found that plaintiffs' well-pleaded facts could not support this latter assertion.

Plaintiffs' failure to plausibly assert an ongoing violation was fatal to their claims because the *Young* exception to Eleventh Amendment immunity is limited to "cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past . . . ." *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986). Plaintiffs cannot meet their burden under *Young* through bare assertions that the alleged violation of federal law is ongoing. *See Cantu Servs., Inc. v. Roberie*, 535 F. App'x 342, 345 (5th Cir. 2013) ("Despite its facial pleading, the question remains whether Cantu alleged an ongoing federal law violation. Cantu must establish that it has a constitutionally protected interest that was continuing to be infringed by the State officials."). Accordingly, the Court found that Defendant Justices are

---

[12]    R. Doc. 1 at 13.

6

protected by Eleventh Amendment immunity, and this case must be dismissed.

Plaintiffs attempt to undermine the Court's conclusion by citing several cases in which courts have found an ongoing violation under *Young*. But plaintiffs' cases are all factually dissimilar to the case before the Court and therefore do not undermine the Court's reasoning.

Several of the cases cited by plaintiffs concern challenges to written statutes or policies that explicitly govern the future conduct of the challenging party. *See Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 638 (2002) (challenge to written order of a state utility commission requiring reciprocal compensation for telephone calls to Internet Service Providers); *AT&T Commc'ns v. BellSouth Telecom. Inc.*, 238 F.3d 636, 647 (5th Cir. 2001) (challenge to interconnection agreement determination that bound "present and future relations between AT&T Communications and BellSouth"); *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1339-40 (11th Cir. 1999) (constitutional challenge to statutes imposing criminal and civil penalties on the performance of certain types of abortion procedures, where appellants had admitted intent to enforce statutes in the future); *Hall v. Louisiana*, 974 F. Supp. 2d 978, 990 (M.D. La. 2013) (challenging "Judicial Election Plan, as written, maintained, and

enforced, and presently implemented by the Secretary of State") (internal quotations and modification omitted).

These cases do not support an inference of an ongoing violation in this case. Plaintiffs assert the existence of an unwritten policy of recusing Louisiana Supreme Court Justices based on the political activities of attorneys and parties before the court. The only facts pled to support the existence of such a policy are two decisions made on the same day to recuse a single Justice from considering two related writ applications. Plaintiffs' attempted analogy to cases involving written policies therefore fails.

The rest of plaintiffs' supporting cases are similarly distinguishable. In *Vickery v. Jones*, 100 F.3d 1334, 1335-36 (7th Cir. 1996), plaintiffs alleged that defendants operated a long-running political patronage system to give government jobs to political supporters. Another case, *Ward v. City of Norwalk*, 640 F. App'x 462, 462 (6th Cir. 2016), concerned a putative class action challenging defendants' alleged policy of lengthening jail sentences to offset court costs. In the Fifth Circuit's decision in *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 392 (5th Cir. 2015), plaintiff alleged that the Texas Attorney General sent a letter to retailers stating that the labeling of plaintiff's product violated the Texas Deceptive Practices act. In response to this threat of future enforcement, the retailers "pulled the products from

8

their shelves in Texas and other states, allegedly costing [plaintiff] millions of dollars in lost revenue.  *Id.*  Finally, in *Advocacy Center for Elderly & Disabled v. Louisiana Department of Health & Hospitals*, 731 F. Supp. 2d 583, 587-88 (E.D. La. 2010), plaintiffs alleged that at the time of suit dozens of criminal defendants were being improperly held in prison.  None of these cases is factually similar to the case before the Court.  Accordingly, they do not support a finding that the Court's order commits a manifest error of fact or law.

### B. New Evidence

As noted, the Court found that plaintiffs' well-pleaded factual allegations did not give rise to a plausible inference that the alleged constitutional deprivations suffered by plaintiffs were ongoing.  New evidence supports rather than undermines the Court's skepticism.  Plaintiffs' motions to alter or amend rely heavily on motions to recuse Justice Hughes filed by defendants in *Agri-South Group* and *Global Marketing Solutions*. Justice Hughes describes these motions as "citing the exact same reasons as the [recusal] motions in *Walton* and *Bundrick*."[13]  Intervenors echo this

---

[13]     R. Doc. 40-2 at 5.

sentiment, and describe the motions as "based specifically on the recusal motions in *Walton* and *Bundrick*."[14]

The Louisiana Supreme Court has since denied both motions.[15]   These denials undermine plaintiffs' argument that the Defendant Justices have instituted an ongoing policy of forcing recusals based on political activity. Accordingly, plaintiffs' new evidence does not provide a basis for altering or amending the Court's order.

### C. Leave To Amend Complaint

Finally, Justice Hughes and intervenors move for leave to file an amended complaint.  Plaintiffs have filed proposed amendments with the Court.[16]  Because the Court finds that the proposed amendments are futile, leave to amend is denied.

Although leave to amend "shall be freely given when justice so requires," it "is by no means automatic," and the decision "lies within the sound discretion of the district court." *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (quoting *Little v. Liquid Air. Corp.*, 952 F.2d 841, 845-46 (5th

---

[14]     R. Doc. 41-1 at 8.

[15]     R. Doc. 56 at 3-4.  In their replies, plaintiffs also raise a motion to recuse filed in *Stephen Trahan, et al. v. BP America Production Company, et al.,* No. 2017-C-22 (La.).  *See* R. Doc. 54; R. Doc. 55.  This motion was also denied.  R. Doc. 56 at 5.

[16]     R. Doc. 40-1, R. Doc. 42-1.

Cir. 1992)). A district court "acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (quoting *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003)); *see also Vaupel v. United States*, 491 F. App'x 869, 874 (10th Cir. 2012) (affirming district court's refusal to permit amendment on grounds of futility where amended claims would be barred by sovereign immunity).

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *see also Lopez v. City of Dallas, Tex.*, No. 03-2223, 2006 WL 1450420, at *2 (N.D. Tex. May 24, 2006). In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro*, 74

11

F.3d at 659.  The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

Plaintiffs propose to amend their complaints by adding factual allegations concerning the motions to recuse Justice Hughes from *Agri-South Group* and *Global Marketing Solutions*.  Because, as described above, these motions were denied by the Louisiana Supreme Court, they undermine rather than support plaintiffs' argument that any constitutional violation is ongoing. Accordingly, the Court finds that the proposed amendments are futile and plaintiffs' motions to amend are denied.

## IV.   CONCLUSION

For the foregoing reasons, Justice Hughes' motion to alter or amend a judgment and motion for leave to file amended complaint are DENIED. Intervenors' motion to alter judgment, for relief from judgment, and for leave to amend complaint is also DENIED.

New Orleans, Louisiana, this __3rd__ day of April, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE